UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-66-RJC

| | |
|---|---|
| ANTONIO MOSLEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KEVIN TATE, Federal Defenders of North )<br>Carolina, ANN CLAIRE PHILLIPS, )<br>Assistant U.S. Attorney, MELISSA OWEN, )<br>Attorney, Tin, Fulton, Walker & Owen, )<br>MARIE SEQUIN, Paralegal, Tin, Fulton, )<br>Walker & Owen, )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. § 1915A, on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), on Plaintiff's Motion to Appoint Counsel, (Doc. No. 3), on Plaintiff's Motion for Leave to File Amended Complaint, (Doc. No. 8), on Plaintiff's Second Motion to Appoint Counsel and Motion to Reassign Case, (Doc. No. 9), and on Plaintiff's Motion to Compel Sealed Documents and Discovery, (Doc. No. 10).

**I.      BACKGROUND**

Pro se Plaintiff Antonio Mosley is a federal detainee who is currently incarcerated in the Mecklenburg County Jail in Charlotte, North Carolina. This Court's records show that on February 22, 2012, Plaintiff pled guilty to possession of a firearm by a convicted felon under 18 U.S.C. § 922(g). (Crim. Case No. 3:11cr336, Doc. No. 16: Acceptance and Entry of Guilty Plea). On February 8, 2013, the Honorable Max O. Cogburn, Jr. sentenced Plaintiff to 100 months' imprisonment. (Id., Doc. No. 67: Judgment).

In this action, filed on February 1, 2013, pursuant to 42 U.S.C. § 1983, Plaintiff has named as Defendants Assistant U.S. Attorney Ann Claire Phillips, Federal Defender Kevin Tate, and Melissa Owen and Marie Sequin from the law firm of Tin, Fulton, Walker & Owen.[1] Defendant Tate was Plaintiff's original, court-appointed counsel in Plaintiff's criminal case. (Doc. No. 1 at 11). Plaintiff retained private counsel Defendant Owen to replace Defendant Tate as Plaintiff's trial counsel. (Id. at 18). Defendant Marie Sequin was a paralegal employed with Defendant Owen's law firm. (Id. at 17; 19).

Plaintiff states that he is filing this action pursuant to the North Carolina Public Records Law. Plaintiff seeks, among other things, an order compelling Defendants to permit the inspection and copying of public records and an order of mandamus requiring Defendants to comply with the North Carolina Public Records law. (Id. at 3). Plaintiff alleges that Defendants have refused to allow Plaintiff to "copy, process records, discovery, documents, films, sound recording, tapes," in violation of N.C. GEN. STAT. § 132-6. (Id. at 9).

As to Defendant paralegal Sequin, Plaintiff alleges that Sequin visited Plaintiff at the Mecklenburg County Jail in order for Plaintiff to sign an "attorney release" form terminating the representation of Plaintiff's court-appointed counsel Defendant Tate. (Id. at 19). Plaintiff states that when he signed the release he was unaware that he was entering into an open file policy agreement with the U.S. Attorney's office that prohibited him from retaining a copy of his motion for discovery. See (Id.).

---

[1] Plaintiff filed the Complaint on a form used for actions brought pursuant to 42 U.S.C. § 1983. Section 1983 does not apply to federal employees and officials. Rather, a civil rights action against federal employees and officers in their individual capacities is properly characterized as arising under Bivens. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Thus, the claims against Federal Defender Kevin Tate and Assistant U.S. Attorney Ann Claire Phillips are properly categorized as claims arising under a Bivens action.

Plaintiff alleges that Defendant Tate "never visited the plaintiff at the Mecklenburg County jail to sign an[] open file policy agreement between him and the U.S. Attorneys office." (Id. at 12). Plaintiff alleges that his federal due process rights were violated because Defendant Tate did not inform Plaintiff of his "open file policy rights" and that Tate "instead . . . fraudulently entered [Plaintiff] into agreement with the U.S. Attorneys office without his knowledge or consent." (Id. at 13).

Plaintiff alleges that Defendant Tate's "fraudulent and misleading conduct induced the plaintiff to [attend] an unprepared hearing without his discovery motion, [and] continue[s] to interfere tortiously with his criminal case." (Id. at 14). Plaintiff alleges that "as a direct result of Defendant's tortious interference, Plaintiff lost his chance to prove the government didn't have probable cause to arrest him." (Id.). Plaintiff alleges that Defendant Tate "committed actionable fraud in entering the plaintiff into [a] binding agreement with the U.S. Attorneys office without his knowledge or consent and misleading statements to the plaintiff to induce him into an[] unprepared preliminary hearing." (Id. at 15).

As to Defendant Owen, Plaintiff states that before entering a straight-up plea on February 22, 2012, Defendant Owen continuously gave Plaintiff "wrong and bad advice" about being an armed career criminal. (Id. at 19). Plaintiff alleges that Defendant Owen told Plaintiff that if he went to trial he would receive a life sentence if he were found guilty. (Id. at 20). Plaintiff alleges that Defendant Owen also falsely and fraudulently represented to Plaintiff that federal inmates cannot have a copy of their discovery motion in their sole custody of possession. Plaintiff also alleges that Defendant Owen told Plaintiff that if he pled guilty on February 22, 2012, Defendant Owen would make arrangements to give him his discovery motion and help file his civil suit, and if he declined he would end up receiving a life sentence. (Id.).

3

Plaintiff alleges that after he informed Owen that he wanted to change his guilty plea, Owen told him that he could not withdraw his plea, nor was he allowed to have a copy of his discovery motion. (Id. at 21). Plaintiff alleges that Defendant Owen violated Plaintiff's rights to procedural due process by not informing him of his open file policy right, by refusing his immediate request for discovery, and by making intentionally false statements and threats to coerce Plaintiff to plead guilty. (Id. at 22).

Plaintiff alleges that as a result of Defendants' deliberate violation of Plaintiff's open file policy agreement and his constitutional rights, Plaintiff suffered the loss of his freedom, received a longer detention, and suffered emotional distress. Based on the factual allegations above, Plaintiff purports to bring the following claims against Defendants: (1) due process violation; (2) tortious interference with criminal defense, criminal defense, and civil lawsuit; (3) fraud; and (4) negligence.

Plaintiff attached an application to proceed in forma pauperis to the Complaint. On February 4, 2013, the Court ordered Plaintiff's custodian to submit Plaintiff's inmate trust account statement. Officials at the Mecklenburg County Jail have not yet submitted Plaintiff's inmate trust account statement in this case. However, officials at the Mecklenburg County Jail submitted Plaintiff's inmate trust account statement in another civil rights lawsuit filed by Plaintiff on February 6, 2013. Plaintiff's inmate trust account statement shows that as of February 11, 2013, the balance in Plaintiff's account was $57.00. See (Mosley v. Charlotte Mecklenburg Cnty. Police, 3:13cv77, Doc. No. 8 at 2). The Court is satisfied that Plaintiff does not have sufficient funds with which to pay the filing fee in this matter. Therefore, Plaintiff's motion to proceed in forma pauperis shall be granted for the limited purpose of this initial review.

## II. STANDARD OF REVIEW

28 U.S.C. § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. See also 28 U.S.C. § 1915(e)(2).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Motion to Amend the Complaint

The Court first addresses Plaintiff's motion to amend the Complaint. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a motion to amend a complaint shall be freely granted when justice so requires unless there is a valid reason for denying leave, such as undue delay, bad faith, or futility of the amendment. See also Foman v. Davis, 371 U.S. 178, 182 (1962). In his motion to amend, Plaintiff states that he wishes to add Assistant U.S. Attorney Ann Claire Phillips as a Defendant. However, Defendant Phillips is already named as a Defendant. To the extent that Plaintiff seeks to add factual allegations or claims against Defendant Phillips for "malpractice" and for failing to disclose exculpatory evidence in Plaintiff's underlying criminal action, allowing the amendment would be futile because Defendant Phillips enjoys absolute prosecutorial immunity, as discussed below. Therefore, the

motion to amend will be denied.

  B.  <u>Motions for Appointment of Counsel</u>

  Plaintiff has filed two separate motions for appointment of counsel.  In support of the motions, Plaintiff states that his detainee status will greatly limit his ability to litigate this action; that the issues in this case are complex; that he lacks the education and literacy necessary to represent himself; and Plaintiff's medications and mental health issues will negatively affect his ability to litigate this case.  See (Doc. No. 3 at 3-5; Doc. No. 9 at 2-3).  There is no absolute right to the appointment of counsel in civil actions such as this one.  Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel.  <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987).  Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel.  Therefore, Plaintiff's motions for appointment of counsel will be denied.

  C.  <u>Motion to Reassign Case</u>

  In one of his motions for appointment of counsel, Plaintiff also brings a motion to reassign case, in which he seeks to have an "outside judge" adjudicate his claims brought in this action because he contends that he cannot get a fair hearing by any of the judges in this district. <u>See</u> (Doc. No. 9 at 3).  Plaintiff contends that he cannot get a fair hearing on his claims from any of the judges in this district because he has "written complaints to" some of the judges in this district and because the judges are a "secret society of brotherhood."  (Doc. No. 9 at 3).

  Generally, 28 U.S.C. § 455 governs the disqualifications of a judge and provides that a judge should disqualify himself when, among other reasons, the judge's impartiality might be questioned or he has a personal bias or prejudice concerning a party.  See 28 U.S.C. § 455(a),

(b)(1). In considering whether a judge's impartiality might be questioned, an "objective reasonableness" standard applies and "is not to be construed to require recusal on spurious or loosely based charges of partiality." McBeth v. Nissan Motor Corp. USA, 921 F. Supp. 1473, 1477 (D.S.C. 1996). "Conclusory allegations charging the judge with improper conduct . . . cannot justify disqualification." Duplan Corp. v. Deering Milliken, Inc., 400 F. Supp. 497, 513 (4th Cir. 1975).

Here, Plaintiff's mere conclusory assertions that the judges in this district are part of a "secret society of brotherhood" and that Plaintiff has allegedly written complaints about some of the judges are insufficient to warrant recusal from the judges in this district for either impartiality or bias. Therefore, Plaintiff's motion to reassign is denied.

    D.    Initial Review

Plaintiff is challenging the actions of Defendants arising out of Plaintiff's conviction in this Court for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g). It is well settled under the principles announced by the Supreme Court in Heck v. Humphrey that a plaintiff cannot receive damages or equitable relief via a Bivens action for an allegedly unconstitutional conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus. 512 U.S. 477, 486-87 (1994). See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (noting that Heck applies regardless of the type of relief sought). See also Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that Heck applies to Section 1983 and Bivens actions). Thus, the Court must consider whether a judgment in Plaintiff's favor in this action would necessarily imply the invalidity of his conviction. If it would, the Court must dismiss the Complaint unless Plaintiff can demonstrate that the conviction has already been favorably terminated. Heck, 512 U.S. at 487.

Plaintiff alleges that Defendants violated North Carolina open file discovery laws and essentially coerced Plaintiff into pleading guilty. Plaintiff appears, then, to be challenging his guilty plea. Plaintiff's successful challenge of the voluntariness of his guilty plea would imply the invalidity of Plaintiff's underlying Section 922(g) conviction in this Court. Plaintiff has not shown that his conviction has been favorably terminated. Therefore, the Complaint appears to be subject to dismissal as barred by Heck.

Even if the Complaint is not barred by Heck, it is subject to dismissal on other grounds. First, Assistant U.S. Attorney Anne Claire Phillips "enjoy[s] absolute immunity from civil suits for damages for actions taken while performing traditional prosecutorial duties." Puckett v. Carter, 454 F. Supp. 2d 448, 452 (M.D.N.C. 2006) (citing Imbler v. Pachtman, 424 U.S. 409 (1976)). In Imbler, the Supreme Court held that in "initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. at 430. The Court explained that prosecutors should be afforded absolute immunity when their "activities were intimately associated with the judicial phase of the criminal process." Id. Plaintiff has not alleged that Defendant Phillips was acting outside the scope of her prosecutorial duties in this case. Therefore, Defendant Phillips enjoys prosecutorial immunity.

Next, as for Plaintiff's private attorney Melissa Owen, paralegal Marie Sequin, and Plaintiff's court-appointed attorney Kevin Tate, an attorney (or paralegal), whether retained, court-appointed, or a public defender, does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983, or under the Bivens doctrine. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel and paralegal were not acting under color of state law under 42 U.S.C. § 1983). Thus, Plaintiff's

claims against Defendants Owen, Sequin, and Tate are dismissed.

## IV. CONCLUSION

For the reasons stated herein, this action is dismissed with prejudice.[2]

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**;

2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 3), is **DENIED**;

3. Plaintiff's Motion to Amend Complaint, (Doc. No. 8), is **DENIED**;

4. Plaintiff's Second Motion to Appoint Counsel and Motion to Reassign Case, (Doc. No. 9), is **DENIED**;

5. Plaintiff's Motion to Compel Sealed Documents and Discovery, (Doc. No. 10), is **DENIED** as moot;

6. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED with prejudice**;[3] and

7. The Clerk is instructed to close this case.

---

[2] Normally, an action that is barred by Heck is dismissed without prejudice. See Omar v. Chasanow, 318 F. App'x 188 (4th Cir. 2009). Here, however, because the named Defendants did not act under color of state or federal law, or because they enjoy absolute immunity, dismissal is with prejudice.

[3] The Court is aware that Plaintiff filed two other civil actions in this Court on February 5, 2013, naming various defendants, and alleging numerous constitutional violations related to his Section 922(g) conviction in this Court. See Mosley v. Charlotte Mecklenburg Police Department, 3:13-cv-70 (W.D.N.C.); Mosley v. Charlotte Mecklenburg Cnty. Police, 3:13-cv-77 (W.D.N.C.). Plaintiff is hereby notified that, under 28 U.S.C. § 1915(g), if the Court dismisses three in forma pauperis actions filed by Plaintiff during his incarceration on the grounds that the actions are frivolous, malicious, or fail to state a claim upon which relief may be granted, then he is subject to the "three-strikes" rule, which means that in any further actions he will have to pay the full filing fee of $350.00 or, if he seeks to proceed in forma pauperis, he will have to show that he is in imminent danger of serious physical injury.

Signed: February 20, 2013

Robert J. Conrad, Jr.
Chief United States District Judge